# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| KEVIN KNASEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| FLYNT RAY, ) | JURY TRIAL DEMANDED |
| ) | |
| EXPRESSWAY ENTERPRISES, LLC d/b/a ) | |
| WHITNEY'S WORLD OF CRAFTS, ) | |
| ) | |
| and, ) | |
| ) | |
| STOWE'S MILL, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Kevin Knasel ("Knasel"), for his Complaint against Defendants Flynt Ray ("Ray"), Expressway Enterprises, LLC, d/b/a Whitney's World of Crafts ("Expressway"), and Stowe's Mill, LLC ("Stowe's Mill") (collectively, "Defendants"), states and avers as follows:

## PARTIES

1. Knasel is an individual and resident of St. Louis County, Missouri.

2. Ray is an individual and citizen of the country of Belize.

3. Expressway is a Missouri limited liability Company located at 3506 Shepherd of the Hills Expressway, Branson, Missouri 65616. Upon information and belief, Ray is the sole member of Expressway. William G. Todd is the Vice President & General Counsel of Expressway and, therefore, an agent of Expressway for purposes of service of process.

4. Stowe's Mill is a Missouri limited liability Company located at 3506 Shepherd of the Hills Expressway, Branson, Missouri 65616. Upon information and belief, Ray is the sole

member of Stowe's Mill. William G. Todd is the Vice President & General Counsel of Stowe's Mill and, therefore, an agent of Stowe's Mill for purposes of service of process.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(2), as this dispute is between a citizen of Missouri, a citizen of Belize who is not domiciled in the United States, and two entities whose sole member is a citizen of Belize who is not domiciled in the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because Defendants transact business in the State of Missouri, have committed tortious acts within the State of Missouri, have entered into contracts in the State of Missouri, and have various other substantial and continuing contacts with the State of Missouri.

7. The causes of action asserted herein arise out of the Defendants' contacts with the State of Missouri.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Additionally, as discussed in more detail below, there is an applicable venue provision in the agreement at issue in this dispute and giving rise to claims asserted herein. *See* ¶¶ 11-12, *infra*.

## ALLEGATIONS COMMON TO ALL COUNTS

10. In 2018, Ray approached Knasel about Knasel assisting with the funding and financing of certain proposed business ventures in Belize, where Ray has long resided. Ray made representations and promises to Knasel about the financial viability of such proposed ventures.

WA 16434665.1

11. On or about July 27, 2019, Knasel and Ray entered into a Memorandum of Agreement Regarding Business Organization and Formation (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as "Exhibit 1" and incorporated herein by reference.

12. The Agreement states, among other things, that "any controversy arising out of, or relating to this Agreement or any modifications, renewal, or extension hereof, including, but not limited to, the interpretation, performance, or breach thereof, and any claim for damages, rescission, indemnification, or equitable relief, shall be (if possible) brought in the United State District Court for the Western District of Missouri, Springfield Division." *See* Exhibit 1 (Agreement) ¶ 19.

13. The Agreement provides that "[t]he law of the State of Missouri…shall govern construction and interpretation of this Agreement and shall govern all controversies arising out of, or relating to this Agreement or any modification, renewal, or extension hereof, including, but not limited to performance or breach thereof, and any claim for damages, rescission, indemnification, or equitable relief." *See* Exhibit 1 (Agreement) ¶ 19.

14. The Agreement arose out the promises and representations made by Ray to Knasel, and the subsequent agreement "to enter into a business enterprise in San Pedro Belize." *See* Exhibit 1 (Agreement) ¶ F.

15. As discussed in more detail below, Knasel and Ray made, among other things, certain agreements within the Agreement related to: (1) the Formation of Entities; (2) Capital Contributions, Loans, Transfers and Closing; (3) Additional Capital Contributions; and (4) Management of the Company. *See* Exhibit 1 (Agreement) ¶¶ 1-4.

WA 16434665.1

16. Knasel and Ray, among other things, agreed to the following with regard to the formation of entities:

   a. Articles of Organization forming DVD, LLC, a Wyoming, limited liability company ("DVD") have been filed and an election to cause DVD to be taxed as a C corporation in the USA has been made. *See* Exhibit 1 (Agreement) ¶ 1.1.

   b. Articles of Association and a Memorandum of Association forming Covington Co. Ltd., a St. Lucia corporation ("Cov") have been filed and an election has been made to have this company to be taxed as a disregarded entity in the USA. It will be wholly owned by DVD. *See* Exhibit 1 (Agreement) ¶ 1.2.

   c. A.C.R.E. Developments Limited ("Acre Dev") has been formed as a Belize limited liability company under Chapter 250 of the Substantive Laws of Belize, Revised Edition 2000 (the "Belize Act") and currently Knasel holds all 10,000 shares. *See* Exhibit 1 (Agreement) ¶ 1.3.

   d. The Belize limited liability companies listed on Schedule 1.4 have been organized under the Belize Act (each, a "Belize LLC" and collectively, the "Belize LLCs") and currently Knasel and Flynt hold all of the shares of each Belize LLC. The Parties agree to cause all of the interest in the Belize LLCs to be transferred to and wholly owned by Covington Co. Ltd. *See* Exhibit 1 (Agreement) ¶ 1.4.

17. The "Belize LLCs" include, but upon information and belief may not be limited to, A.C.R.E Development Ltd., A.C.R.E. Marketing Ltd., A.C. Construction Ltd., A.C. Dining Ltd., A.C. Entertainment Ltd., A.C. Ocean Sand Excavation Ltd., and A.C. Rock Excavation, Ltd. (hereinafter, collectively with DVD, Acre De, and Cov, the "Businesses").

18. Knasel agreed to make certain contributions of cash and property, certain loans, and certain additional capital contributions under the Agreement. *See* Exhibit 1 (Agreement) ¶¶ 2-3. Knasel has made certain contributions and loans in excess of ten million dollars ($10,000,000.00) pursuant to the Agreement.

19. Under the Agreement, Knasel and Ray agreed to each serve as a Manager of DVD, COV, and the Belize LLCs. *See* Exhibit 1 (Agreement) ¶ 4. However, the Agreement provides that Ray was responsible for the "management and overseeing" of the business ventures, for which Ray was to receive $10,000 per month. *See* Exhibit 1 (Agreement) ¶ 2.5.

20. Because, among other things, (1) Ray acted, and continues to act as a manager of DVD, Cov, and the Belize LLCs with Knasel, (2) Ray was responsible for managing and overseeing the business ventures, (3) Knasel and Ray were, and continue to be, the sole members of DVD, Cov, the Belize LLCs, and the Businesses and (4) Ray possessed, and continues to possess, superior knowledge and information as to the day-to-day operations of the Businesses, Ray owed certain fiduciary and/or heightened duties to Knasel.

21. Knasel was ready, willing, and able to perform all obligations required of him under the Agreement. However only some, but not all, of the actions and agreements contemplated by the Agreement have been initiated and/or performed. This is due to the actions or inaction of Ray, and due to no fault of Knasel. To the extent Knasel has not performed any term of the Agreement, his performance has been excused by Ray's prior material breaches and other actions complained of herein.

22. Ray has consistently mismanaged, and continues to mismanage, the Businesses and/or breached, and continues to breach, the Agreement in various ways, including but not limited to the following:

a. Ray has improperly accepted and retained cash payments related to the Businesses jointly owned and operated by Ray and Knasel;

b. Ray has spent long periods of time away from Belize and away from the operations of the Businesses, all while continuing to receive and retain monthly payments of $10,000;

c. Ray allowed the development and construction of lots and dwellings to be performed in a deficient and/or defective manner, and not in a good workmanlike manner;

d. Upon information and belief, Ray has failed and continues to fail to pay vendors, employees, and/or contractors of the Businesses;

e. Ray has sold at least one dwelling constructed by the Businesses in exchange for a direct cash payment to him directly rather than to the Businesses;

f. Ray has failed and continues to fail to keep Knasel informed and apprised of business operations, including but not limited to the accounting and finances of the Businesses;

g. Ray has refused to fully communicate with Knasel and respond to Knasel's reasonable requests for information and documentation;

h. Information and documentation, when provided by Ray, has been incomplete and/or misleading;

i. Upon information and belief, Ray has engaged in certain side deals inconsistent with the terms of the Agreement and the obligations Ray owes to Knasel thereunder by providing sand and/or rock to individuals and/or entities in exchange for cash and/or other consideration paid directly to Ray rather than to the Businesses;

6

WA 16434665.1
Case 6:21-cv-03093-DPR   Document 1   Filed 04/16/21   Page 6 of 15

j. Ray has generally taken and seized opportunities for his own benefit that should have inured to the benefit of the Businesses and/or Knasel;

k. Ray has sold various assets and equipment owned by the Businesses without permission from Knasel and has retained the proceeds from such sales for his personal gain rather than for the benefit of the Businesses;

l. Upon information and belief, Ray has sold certain parcels of land owned by the Businesses without permission from Knasel and has retained the proceeds from such sales for his personal gain rather than for the benefit of the Businesses;

m. Ray has used equipment owned by the Businesses for side projects, without receiving permission to do so from Knasel, has failed to report the proceeds received from such side projects, and, upon information and belief, has retained such proceeds for his personal gain rather than for the benefit of the Businesses;

n. Ray has generally acted for the benefit of his own self-interests and placed his own interests above those of the Businesses and/or Knasel;

o. Ray has generally grossly mismanaged the Businesses; and

p. Ray has generally failed to honor his obligations under the Agreement, and has failed to follow through on the promises and representations made to Knasel.

23. Upon information and belief, Ray has deposited all or some of the amounts received for the Businesses into an Expressway bank account and/or other bank accounts owned by his separate entities.

24. Upon information and belief, Ray has improperly and fraudulently co-mingled funds of the Businesses with his separate business entities, including but not limited to Expressway and Stowe's Mill.

25. To date, Knasel has contributed substantial funds to the business operations proposed to him by Ray, and contemplated in the Agreement.

## COUNT I
## BREACH OF CONTRACT

26. Knasel incorporates by this reference paragraphs 1 through 25 as if fully set forth herein.

27. The Agreement is an enforceable contract between Knasel and Ray.

28. Knasel and Ray each had certain rights and obligations under the Agreement.

29. Knasel performed all of his obligations under the Agreement or, at minimum, all of his obligations that were required prior to Ray's breach.

30. Ray has failed, and continues to fail, to perform the obligations required to be performed by him under the Agreement.

31. Ray has materially breached the terms of the Agreement.

32. As a direct and proximate cause of Ray's breach, Knasel has suffered damages in an amount currently unknown, but believed to be in excess of $1,000,000.00.

WHEREFORE, for the reasons set forth above, Plaintiff Kevin Knasel prays that this Court enter a judgment against Defendant Flynt Ray in an amount in excess of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), to be determined at trial, together with appropriate prejudgment and post judgment interest as allowed by law, and Knasel's costs, expenses, and attorney's fees incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

33. Knasel incorporates by this reference paragraphs 1 through 32 as if fully set forth herein.

34. Because Ray has been residing in Belize at all relevant times herein and conducting, managing, and overseeing the day-to-day operations of the Businesses, Ray had, and continues to have, superior knowledge and information regarding the Businesses' finances and operations. Indeed, the Agreement contemplates that Ray alone would manage and oversee the business operations at issue.

35. Knasel relied upon Ray's superior knowledge and information regarding both the viability of the Businesses, and the Businesses' general finances and operations. Knasel accordingly made contributions and/or loans to the Businesses and/or for the benefit of the Businesses based on this reliance.

36. Ray knew, or should have known, that Knasel was relying upon Ray's knowledge and advice regarding the Businesses' viability, finances, and operations.

37. Ray, at all times relevant herein owed, and continues to owe, certain fiduciary duties to Knasel.

38. Ray breached his fiduciary duties to Knasel by, among other things, (a) commingling and/or misappropriating monies belonging to the Businesses for his own personal benefit; (b) providing incomplete and/or misleading financial information concerning the affairs of the Businesses and/or failing entirely to provide financial information; (c) misrepresenting the status of the operations of the Businesses; (d) acting in a manner inconsistent with the purpose(s) of the Agreement; (e) engaging and participating in side deals or "handshake" deals not in the best interest of the Businesses; (f) exercising discretion granted to him under the Agreement in a manner that not in the best interest of the Businesses; and (g) grossly mismanaging the Businesses.

39. As a direct and proximate result of Ray's breach(es) of his fiduciary duties, Knasel has suffered damages in an amount currently unknown, but believed to be in excess of $1,000,000.00.

40. Ray has willfully acted with malice, such that punitive damages should be assessed against him to punish him and/or deter like conduct in the future.

WHEREFORE, for the reasons set forth above, Plaintiff Kevin Knasel prays that this Court enter a judgment against Defendant Flynt Ray in an amount in excess of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), to be determined at trial, together with appropriate prejudgment and post judgment interest as allowed by law, for punitive damages, and Knasel's costs, expenses, and attorney's fees incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

41. Knasel incorporates by this reference paragraphs 1 through 40 as if fully set forth herein.

42. By providing funds through both loans and contributions to the Businesses and/or on behalf of the Businesses, Knasel conferred a benefit on Ray.

43. Ray appreciated the benefit of Knasel's contributions and loans by using the Businesses to perform certain work, and then personally receiving and retaining payments for such work performed by the Businesses.

44. For example, upon information and belief, on at least one occasion, Ray has sold a dwelling constructed by the Businesses and improperly accepted and retained payment for the dwelling for himself rather than on behalf of the Businesses.

45. By way of further example, upon information and belief, Ray has improperly accepted and retained payments and/or other consideration to certain business operations jointly owned and operated by Ray and Knasel.

46. Additionally, Ray appreciated the benefits of Knasel's contributions by, upon information and belief, failing and refusing to pay vendors, employees, and/or contractors of the Businesses.

47. Ray's acceptance and retention of payments and/or other consideration that should have been paid to the Businesses is inequitable and unjust.

48. Upon information and belief, certain payments and/or other consideration that should have been paid to the Businesses has been deposited into accounts owned by Expressway and/or Stowe's Mill, and/or has otherwise been used to benefit Expressway and/or Stowe's Mill.

49. Knasel has sustained damage as a result of Ray's, Expressway's, and Stowe's Mill's actions, in an amount currently unknown, but believed to be in excess of $1,000,000.00.

WHEREFORE, for the reasons set forth above, Plaintiff Kevin Knasel prays that this Court enter a judgment against Defendants, jointly and severally, in an amount in excess of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), to be determined at trial, together with appropriate prejudgment and post judgment interest as allowed by law, and Knasel's costs, expenses, and attorney's fees incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT IV
## CONVERSION

50. Knasel incorporates by this reference paragraphs 1 through 49 as if fully set forth herein.

51. Knasel delivered to Ray and/or placed certain funds in the custody of Ray for a definite and specific purpose, i.e., the operation of the Businesses, execution of the Agreement, and pursuit of various business interests.

52. Upon information and belief, Ray has diverted the funds to another, different purpose.

53. Upon information and belief, Ray diverted the funds to Expressway and/or Stowe's Mill, in part.

54. Knasel has sustained damage as a result of Ray's, Expressway's, and Stowe's Mill's actions, in an amount currently unknown, but believed to be in excess of $1,000,000.00.

55. Defendants have willfully acted with malice, such that punitive damages should be assessed against them to punish them and/or deter like conduct in the future.

WHEREFORE, for the reasons set forth above, Plaintiff Kevin Knasel prays that this Court enter a judgment against Defendants, jointly and severally, in an amount in excess of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), to be determined at trial, together with appropriate prejudgment and post judgment interest as allowed by law, for punitive damages, and Knasel's costs, expenses, and attorney's fees incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT V
## CIVIL CONSPIRACY

56. Knasel incorporates by this reference paragraphs 1 through 56 as if fully set forth herein.

57. Defendants, in an effort to obtain money rightfully due and owing to the Businesses, agreed to a course of action whereby Ray would accept payments for work performed by the

Businesses and/or take profits earned by the Business for himself personally thereby breaching the Agreement and fiduciary duties owed by Ray to Knasel.

58. Upon information and belief, Defendants acted in furtherance of this unlawful objective and course of action by depositing the unlawfully obtained payments to Ray into the bank accounts of Expressway and Stowe's Mill, by using the Expressway and Stowe's Mill accounts to hide profits from the Businesses, and/or by diverting funds to Expressway and Stowe's Mill.

59. Knasel has been damaged as a direct and proximate result of Defendants' agreement on an unlawful objective and course of action and Defendants' overt actions in furtherance of that agreement.

60. Knasel has sustained damage as a result of Ray's, Expressway's, and Stowe's Mill's actions, in an amount currently unknown, but believed to be in excess of $1,000,000.00.

61. Defendants have willfully acted with malice, such that punitive damages should be assessed against them to punish them and/or deter like conduct in the future.

WHEREFORE, for the reasons set forth above, Plaintiff Kevin Knasel prays that this Court enter a judgment against Defendants, jointly and severally, in an amount in excess of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), to be determined at trial, together with appropriate prejudgment and post judgment interest as allowed by law, for punitive damages, and Knasel's costs, expenses, and attorney's fees incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT VI
## DEMAND FOR ACCOUNTING

62. Knasel incorporates by this reference paragraphs 1 through 61 as if fully set forth herein.

13

WA 16434665.1
Case 6:21-cv-03093-DPR   Document 1   Filed 04/16/21   Page 13 of 15

63. Because Ray has failed and refused to provide certain financial and other information and/or documentation to Knasel, Knasel has been unable to determine what amounts are due and owing to him from the revenue generated by the Businesses.

64. Upon information and belief, Ray, as a result of his actions described herein, has held and exercised control over certain funds due and owing to Knasel as a result of his contributions to the Businesses and as a result, the revenue flowing therefrom.

65. Knasel and Ray are in a relationship of trust as a result of the Agreement and the terms contained therein.

66. Knasel cannot determine the total amount of funds due and owing to him from the Businesses without Ray providing a complete accounting of the financials related to and revenue generated from the Businesses.

67. Knasel has no adequate remedy at law.

WHEREFORE, Plaintiff Kevin Knasel respectfully requests that the Court order Defendant Flynt Ray provide a complete accounting of all financials related to the Businesses and as to all revenue generated from the Businsses, award Knasel his costs, attorneys' fees, and expenses incurred herein, and grant any further relief it deems appropriate.

## COUNT VII
## INJUNCTIVE RELIEF

68. Knasel incorporates by this reference paragraphs 1 through 67 as if fully set forth herein.

69. There is no adequate remedy at law to prevent Defendants' wrongful conduct while this litigation is pending, nor is there an adequate remedy at law to compensate Knasel for the damages caused by Defendants' wrongful conduct.

70. There is a substantial likelihood that Knasel will prevail on the merits of this case.

WA 16434665.1

71. Knasel will continue to suffer irreparable injury if the injunction is not granted and the threatened injury to Knasel outweighs any potential injury to Defendants.

72. The public interest will only be served by the issuance of a preliminary and permanent injunction.

73. Immediate injunctive relief is therefore appropriate.

WHEREFORE, Plaintiff Kevin Knasel respectfully requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from:

- Operating the Businesses, including but not limited to using any monies of the Businesses or any loans and/or contributions of Knasel to the Businesses and/or directly to Ray

- Selling any assets owned or in the possession of the Businesses; and

- Proceeding with any of the incomplete terms, obligations, or actions contemplated by the Agreement.

As further relief, Knasel respectfully requests that the Court issue an order awarding him his costs, attorneys' fees, and expenses incurred herein, and grant any further relief it deems appropriate.

*Respectfully submitted,*

/s/ Jason C. Smith
Jason C. Smith     Mo. Bar No. 57657
Tara A. Bailes     Mo. Bar No. 67936
**SPENCER FANE LLP**
2144 E. Republic Road, Suite B300
Springfield, MO 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
tbailes@spencerfane.com
*Attorneys for Plaintiff Kevin Knasel*