IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN KNASEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-03093-CV-RK |
| | ) |
| FLYNT RAY, EXPRESSWAY ENTERPRISES, LLC, STOWE'S MILL, LLC, | ) ) ) |
| | ) |
| Defendants. | |

## ORDER

Before the Court is Defendants' Amended Motion to Stay Proceedings. (Doc. 25.) The motion is fully briefed. (Docs. 26, 29, 33.) For the reasons below, the motion is **GRANTED in part and DENIED in part.**

Defendants' Motion argues that "It creates an undue expense and burden upon Defendants to proceed with standard pre-trial proceedings if their allegations of lack of diversity of citizenship [(set forth in their motions to dismiss)] are borne out. Further, the Court should be hesitant to proceed if it lacks subject-matter jurisdiction." Defendants request the Court stay proceedings "including the pre-trial conference set for June 23, 2021, the MAP proceedings, the Scheduling Order compliance, and any additional discovery beyond the agreed to jurisdictional discovery[.]" Plaintiff argues in response that Defendants' arguments are based on an inaccurate statement of law, Defendants fail to meet their burden to show a stay is warranted, and judicial economy will not be materially affected by denying a stay.

The "power to stay proceedings [is] incidental to [the] power inherent in every court to control [its] docket[.]" *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Pursuant to Local Rule 26.1(b), "[u]nless the Court orders otherwise, the filing of any motion—including a motion to dismiss, a discovery motion, or a motion for summary judgment—does not stay the action or excuse the parties from complying with any discovery rule or scheduling order." Rule 26(c) provides that a court may stay discovery for good cause shown. Fed. R. Civ. P. 26(c)(1).

Here, Defendants' arguments are based on the potential that the Court will find it lacks subject matter jurisdiction.  Subject matter jurisdiction is an inflexible threshold issue, and there are indications the Court may lack subject matter jurisdiction based on facts to be clarified in the parties' pending jurisdictional discovery.

Accordingly, and after careful consideration, the Court **ORDERS:**

(1) Defendants' motion for stay (Doc. 25) is **GRANTED in part**.

(2) The proceedings are stayed except for the jurisdictional discovery agreed to by the parties, until further order of the Court.

(3) Upon completion of the agreed-to jurisdictional discovery, the parties shall file a status report or a motion to reopen the case.

(4) Defendants' motion for stay **is DENIED in part**, as to any MAP deadlines.  Any such request must be addressed to the MAP Program.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 2, 2021