# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KEVIN KNASEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-03093-CV-RK |
| | ) |
| FLYNT RAY, EXPRESSWAY ENTERPRISES, LLC, STOWE'S MILL, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are the motions to dismiss filed by Defendants Expressway Enterprises, LLC, and Stowe's Mill, LLC (Doc. 7) and by Defendant Flynt Ray (Doc. 17). These motions are fully briefed. (Docs. 8, 18, 38, 40.) For the reasons below, these motions are **GRANTED**. Also before the court are Plaintiff's motion for leave to conduct additional jurisdictional discovery and to file sur-reply (Doc. 41), Defendants' motion for leave to file sur-reply (Doc. 47), and Defendants' motion for continuance of stay (Doc. 49), which are **DENIED as moot**.

## Background

This dispute arises out of a business relationship between Plaintiff Kevin Knasel and Defendant Flynt Ray which has become the source of great conflict. In 2019, Plaintiff and Defendant Ray executed an agreement to enter into a business enterprise in San Pedro, Belize. (Doc. 1 at ¶¶ 11, 14.) The agreement set forth terms as to the formation of entities, capital contributions, loans, transfers and closing, and management of the company, among other things. (*Id.* at ¶ 15.)

Due to the subsequent disagreements between the parties in relation to this business enterprise, Plaintiff Knasel filed his complaint against Defendants on April 16, 2021. The complaint was filed in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (*Id.* at ¶ 5.) Plaintiff alleges he is a resident and citizen of Missouri; Defendant Ray is a citizen of the country of Belize and is not domiciled in the United States; and Defendant Ray is the sole member of Expressway Enterprises, LLC, and Stowe's Mill, LLC ("Entity Defendants"). (*Id.* at ¶¶ 1, 2, 5.) The Entity Defendants are limited liability companies located in Branson, Missouri.

(*Id.* at ¶¶ 3-4.) Defendant Ray became a citizen of Belize in 2011 or 2014 (Doc. 38 at 6.) Defendant Ray formerly owned a residence in Missouri, had personal property in Missouri, and had a driver's license in Missouri. (*Id.* at 6-7.)

Defendants' motions to dismiss argue this Court lacks subject matter jurisdiction because the parties are not diverse, in that Plaintiff, Defendant Ray, and the Entity Defendants are all domiciled in the State of Missouri. (Docs. 8 at 2, 18 at 1-2.) Plaintiff argues courts must consider a party's effective or dominant nationality based on that party's actions for purposes of analyzing issues related to a party's dual citizenship, and that doing so leads to the conclusion that Defendant Ray's dominant nationality is Belizean. (Doc. 38 at 4-5.)

**Legal Standard**

Rule 12(b)(1) provides for a motion challenging the federal court's subject matter jurisdiction. Dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim. *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018); Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2002).

In deciding a Rule 12(b)(1) motion, a district court is required to distinguish between a facial attack and a factual attack. *Croyle*, 908 F.3d at 380. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a factual attack, the Court "may look outside the pleadings to affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). The party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Id.* "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction— its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "[No presumption of] truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Titus*, 4 F.3d at 593 n.1. Finally, "[i]t is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of

2

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

**Discussion**

Plaintiff claims diversity jurisdiction under 28 U.S.C. § 1332(a)(2), also referred to as "alienage diversity jurisdiction," which "vests only if the action is between 'citizens of a State and citizens or subjects of a foreign state.'" *Aly v. Hanzada for Imp. & Exp. Co., Ltd.*, No. 12-CV-6069-SJ-DGK, 2016 WL 3906811, at *2 (W.D. Mo. July 14, 2016), *aff'd*, 864 F.3d 844 (8th Cir. 2017) (quoting 28 U.S.C. § 1332(a)(2)). For the purposes of determining alienage diversity jurisdiction, (1) "'[a]n individual who resides in more than one State is regarded . . . as a citizen of but one State,'" *Aly*, 864 F.3d at 848 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)), (2) "'domicile' and 'citizenship' are synonymous terms," and (3) "a person can have only one domicile at a time." *Id.* (internal quotation omitted). Domicile, though, "is not necessarily synonymous with residence." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). An individual may reside in one place but be domiciled in another. *Id.*

In analyzing the domicile of a dual citizen, the Eighth Circuit has recognized, though not explicitly adopted, "the Seventh Circuit's widely adopted *Sadat* rule: 'only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a).'" *Aly*, 864 F.3d at 848 (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980) and citing similar holdings from the 11th, 9th, 5th, and 2nd Circuits). In accordance with this reasoning, "[a]n American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996)). Courts following this widely-accepted rule "agree that 'diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties."[1] *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399-

---

[1] The Court finds the following context helpful:

> [T]he major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is intended to allow foreign subjects to avoid real or perceived bias in the state courts—a justification that should not be available to [(or needed by)] the dual citizen who is an American.

3

400 (3d Cir. 2008) (quoting *Coury*, 85 F.3d at 250); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504 (2d Cir.1991); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707 (9th Cir.1992); *Las Vistas Villas, S.A. v. Petersen*, 778 F.Supp. 1202 (D.C.Fla.1991), *aff'd*, 13 F.3d 409 (11th Cir.1994)).

Under this rationale, Plaintiff's claim of diversity jurisdiction under the alienage provision here is invalid. Furthermore, if Defendant Ray is found to be domiciled abroad, he would not be a citizen of any state and diversity of citizenship would also fail. *Coury*, 85 F.3d at 248. There is no argument before the Court that Defendant Ray or the Entity Defendants are domiciled in an American state other than Missouri, only that Defendant Ray is domiciled in Belize and thus the Entity Defendants are also domiciled in Belize. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes). The Court thus finds Plaintiff fails to prove diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2).

## Conclusion

Accordingly, and after careful consideration, the Court **ORDERS** as follows:

(1) Defendants' motions to dismiss (Docs. 7, 17) are **GRANTED**;

(2) Plaintiff's motion for leave to conduct additional jurisdictional discovery and to file sur-reply (Doc. 41) is **DENIED as moot**;

(3) Defendants' motion for leave to file sur-reply (Doc. 47) is **DENIED as moot**;

(4) Defendants' motion for continuance of stay (Doc. 49) is **DENIED as moot**; and

(5) This case is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 9, 2021

---

*Coury*, 85 F.3d at 250 (citing 1 J. Moore, Moore's Federal Practice § 0.75[4] (1996)); *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008).